UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AC HAYNES** | **CIVIL ACTION** |
| **VERSUS** | **NO:  24-1584** |
| **RENOVATION PRO'S LLC,** <br> **JORDAN HOLLIER, in her individual** <br> **capacity and her Official capacity – Business** <br> **Development Manager** <br> **JEREMY SEAUX, in his individual capacity** <br> **and his Official capacity – General Manager** | **SECTION: "O" (4)** |

# ORDER

Before the Court is Plaintiff's **Motion for Appointment Of Process Server (R. Doc. 18)**, requesting that the Court appoint a United States marshal or deputy marshal or designate a person to serve the Defendants in this action.

## I. Introduction

### A. Factual Background

Plaintiff AC Haynes ("Haynes") is a sixty-six-year-old African American citizen of the United States, who was allegedly discharged from his employment as a carpenter by Defendant Renovation Pro's LLC ("Renovation Pros") in January 2023. R. Doc. 1 at 3-4. Haynes alleges that Defendant Jeremy Seaux ("Seaux") is the general manager for Renovation Pro, and the father-in-law of Defendant Jordan Hollier ("Hollier"), the owner of Renovation Pros. *Id.* at 2.

Haynes alleges that Seaux used racial slurs in his presence on two occasions in January 2023, and that Hollier did nothing about it. R. Doc. 1 at 3-4. Haynes alleges that on the day of the second incident, he told Seaux that he did not appreciate his language. *Id.* Haynes alleges that after he completed work that day, he received a call from Hollier informing him that he was fired for being late and not completing assignments on time. *Id.* Haynes alleges that Hollier never discussed these concerns with him and denies that he had an issue with tardiness or incomplete tasks. *Id.*

Pursuant to these allegations, Haynes filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. R. Doc. 1 at 3. Haynes asserts that he received a Notice of Right to Sue letter from the EEOC on March 21, 2024. *Id.* On June 19, 2024, Haynes filed suit against the Defendants for racial discrimination, harassment, and retaliation under Title VII, Louisiana's anti-discrimination law, and 42 U.S.C. § 1983. *Id.* at 1.

### B.  Subject Motion

In the Motion for Appointment of Process Server, Haynes alleges that regular service has not been effective and requests that the Court appoint a United States marshal or deputy marshal or designate a person to serve the Defendants in this action. R. Doc. 18 at 1.

## II.  <u>Standard of Review</u>

Rule 4 of the Federal Rules of Civil Procedure provides that the service of the summons and a copy of the complaint must be made upon each defendant within 90 days of the filing of the complaint. FED. R. CIV. P. 4(m). Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1). Rule 4(e)(2) further provides that an individual within a judicial district of the United States may also be served by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(2).

### III.  Analysis

In this case, Haynes contends that appointment is necessary because regular service has not been effective. R. Doc. 18 at 1.

Upon review, Haynes' Complaint was filed on June 19, 2024, and summons were first issued on June 21, 2024. R. Doc. 1. R. R. Doc. 8. R. Doc. 15. No proof of service was filed into the record, and the Defendants did not appear.

On October 23, 2024, the Court ordered Haynes to show cause why Defendants should not be dismissed for failure to serve within 90 days. R. Doc. 9. In response, Haynes filed a Motion for Extension of Time seeking a thirty-day extension of time to serve the Defendants. R. Doc. 10. The Court granted the Motion on November 8, 2024, and summons were issued on December 4, 2024. R. Doc. 12. R. Doc. 15. Once again, no proof of service was filed into the record, and the Defendants did not appear.

On January 30, 2025, the Court ordered Haynes to show cause why the Defendants should not be dismissed for failure to serve within 90 days. In response, Haynes filed the subject Motion. R. Doc. 18.

Pursuant to Rule 4(c)(2), the summons may be served by any person who is at least 18 years old and who is not a party. FED. R. CIV. P. 4(c)(2). Rule 4(c)(3) further provides, in relevant part, that "[a]t the plaintiff's request, the court may order that service be made by a United States Marshal or Deputy Marshal or by a person specially appointed by the Court." FED. R. CIV. P. 4(c)(3). The Advisory Committee Notes following Rule 4 indicate that "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." FED. R. CIV. P. 4(c), foll. Advisory Committee Notes (1993).

A court appointed process server may also be appropriate where the plaintiff is unable to resort to private service or other reasonable methods of effecting service privately have been exhausted. *Izaguirre v. FedEx Ground Package System, Inc.*, No. 21-148, 2022 WL 17169202, at *2 (W.D. Tex. Nov. 21, 2022) (Castaneda, M.J.). Additionally, federal jurisprudence provides that a Court-appointed process server "will be necessary only when the process server needs to be invested with the authority that accompanies a court order." *Gaskin v. Hammer Scotts, Inc.*, No. 19-647, 2019 WL 13262721, at *1 (M.D. Fla. Mar. 27, 2019) (Sneed, M.J.) (citing 4A Charles A. Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1091 (3d ed. 2002)). Therefore, a motion for appointment of a special process server must indicate why that authority is necessary to accomplish service of process. *Izaguirre*, No. 21-148 at *2. See *Matthews v. International House of Pancakes, Inc.*, No. 08-3595, 2008 WL 11354946, at *2 (E.D. La. Nov. 10, 2008) (Roby, M.J.).

In this case, Haynes's Motion does not indicate that he exhausted the reasonable methods of private service of an individual available under Rule 4(e), nor does he explain the methods, dates, or timing of any alleged attempts to serve the Defendants. FED. R. CIV. P. 4(e). *Izaguirre*, No. 21-148 at *2. Haynes does not explain how the U.S. Marshal's Service would be any more successful in serving the Defendants at the same addresses already pursued by him, or indicate that there is any danger or threat to a private process server. *Id. Gaskin*, No. 19-647 at *1. *Matthews*, No. 08-3595 at *2. Therefore, the Court finds that Haynes has not demonstrated that appointment of a process server is necessary.

IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Appointment Of Process Server (R. Doc. 18)** is **DENIED.**

New Orleans, Louisiana, this 19th day of February 2025.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**