**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AC HAYNES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1584** |
| **RENOVATION PRO'S, LLC, ET AL.** | **SECTION "O"** |

**ORDER**

Before the Court is Plaintiff AC Haynes's objection[1] to the Magistrate Judge's Report and Recommendation[2] in which the Magistrate Judge recommends dismissal without prejudice of Plaintiff's claims against Defendants Jordan Hollier, Jeremy Seaux, and Renovation Pro's, LLC for failure to serve the Defendants, pursuant to Federal Rules of Civil Procedure 41(b) and 4(m). Performing *de novo* review, the Court overrules Plaintiff's objection and adopts the Report and Recommendation in its entirety.

Plaintiff AC Haynes is a sixty-six-year-old African American resident of New Orleans, Louisiana, who was employed by Defendant Renovation Pro's, LLC.[3] Plaintiff sued Defendants Jordan Hollier, Jeremy Seaux, and Renovation Pro's, LLC due to Defendants' alleged "discriminatory treatment and harassment of Plaintiff due to his race and [] unlawful retaliation against him after he complained about unlawful harassment and discrimination in the workplace."[4] Plaintiff alleges that Seaux, the general manager at Renovation Pro's, harassed and discriminated against him for his

[1] ECF No. 23.
[2] ECF No. 22.
[3] ECF No. 1 ¶ 2.
[4] *Id.* ¶¶ 1, 3.

race and age on two separate occasions.[5] Plaintiff also alleges that Hollier, the owner of Renovation Pro's and son-in-law of Seaux, fired Plaintiff on the same day of the second incident, claiming it was due to Plaintiff's tardiness and failure to complete assignments on time.[6] Hollier had never previously discussed such concerns with Plaintiff, and Plaintiff denies having an issue with tardiness or failing to complete assignments.[7]

Plaintiff filed the instant lawsuit on June 19, 2024.[8] On October 23, 2024, the Magistrate Judge ordered Plaintiff to show cause why Defendants should not be dismissed for failure to serve Defendants within 90 days.[9] Plaintiff responded with a motion for a 30-day extension of time to serve Defendants, which the Magistrate Judge granted.[10] No proof of serve was filed within the allotted 30 days.[11] So the Magistrate Judge again ordered Plaintiff to show cause, to which Plaintiff responded by filing a motion for appointment of a process server, noting only that "regular service has not been effectual."[12] The Magistrate Judge denied that motion stating that Plaintiff neither showed that he had exhausted the reasonable methods of private service available under Federal Rule of Civil Procedure 4(e), nor explained the methods, dates, or times of any attempt to serve Defendants.[13] To date, no proof

---

[5] *Id.* ¶¶ 3, 11–13.
[6] *Id.* ¶¶ 3, 14.
[7] *Id.*
[8] *See id.*
[9] ECF No. 9.
[10] ECF Nos. 10 & 12.
[11] ECF No. 22 at 2–3.
[12] ECF Nos. 16 & 18.
[13] ECF No. 21.

of service has been filed into the record and no Defendant has appeared.[14]

In the Report and Recommendation dated February 25, 2025,[15] the Magistrate Judge recommends the Court dismiss Plaintiff's claims against Defendants without prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 4(m). Plaintiff timely objects[16] to the Magistrate Judge's recommendation and contends that Defendants are avoiding service.[17] Plaintiff asks that his case not be dismissed and that he be allowed an additional opportunity to serve Defendants.[18] Plaintiff also points to a state court action he filed against Renovation Pro's, LLC in the 24th Judicial District Court for the Parish of Jefferson, in which he claims the company's registered agent, Alexis Seaux, was served on March 27, 2024.[19] However, according to Plaintiff, Defendants are no longer associated with that address and their whereabouts are unknown.[20]

The Court finds that Plaintiff's objection does not undermine or call into question any aspect of the Magistrate Judge's Report and Recommendation. Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 90 days after the complaint is filed. If a plaintiff fails to do so, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff shows good cause for the failure, in which the court must extend the time for service. FED. R. CIV. P. 4(m). To establish good cause,

[14] ECF No. 22 at 3–4.
[15] *See id.*
[16] ECF No. 23.
[17] *Id.* at 2.
[18] *Id.*
[19] *Id.* at 1.
[20] *Id.* at 2.

a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

Foremost, Plaintiff has not filed proof that Defendants were served with the summons and complaint in this case, despite receiving an extension of time and two separate notices that failure to effect service could result in dismissal. Nor has Plaintiff shown good cause for his failure to serve Defendants within the extended period allowed by the Court. Further, Plaintiff's assertion that Defendants are avoiding service is unsupported. The record contains no exhibits showing Defendants' evasion of service, much less a record of when, where, or how counsel attempted to serve Defendants in this case. Instead, Plaintiff's objection relies entirely on a single successful service of the corporate defendant in a separate state court proceeding almost three months before Plaintiff filed suit here. The state court records have no bearing on this instant case. Thus, Plaintiff has not shown good cause.

This Court declines to exercise its discretion to extend the time for service. First, Plaintiff had more than eight months to serve Defendants from the filing of the complaint (June 19, 2024) to the Magistrate Judge's Report and Recommendation (February 25, 2025), far exceeding the 90 days allowed by FED. R. CIV. P. 4(m). Second, Plaintiff has already received two show cause orders and an extension of time. Plaintiff did not request an extension until after the original service period expired,

and even then his request did not identify any concrete efforts to serve Defendants during the 90-day period. Plaintiff did not request another extension. Third, although Plaintiff pleads with the Court not to dismiss the case, he has not explained how he has attempted to effect service in this case nor has he shown proof of attempting service. Fourth, Plaintiff's objection is internally inconsistent—stating on the one hand that he "does not know the whereabouts of the Defendants and therefore cannot serve the defendants," and then in the next paragraph that he "believes that Jordan Hollier has started a new business with a new address and believes that he can be served at that location."[21] Plaintiff's statements, without supporting facts, fall short of good cause. Lastly, Plaintiff has been forewarned by the Magistrate Judge that failure to comply with the last show cause order[22] could result in dismissal without further notice. Still, the record reflects no service on any named Defendant.

Having conducted a *de novo* review of the Report and Recommendation in light of Plaintiff's objection, *see* 28 U.S.C. § 636(b)(1), the Court finds Plaintiff's objection lacks merit, and therefore, the Court overrules Plaintiff's objection and adopts the Report and Recommendation.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection[23] to the Report and Recommendation is **OVERRULED.**

---

[21] ECF No. 23 at 2.
[22] ECF No. 16.
[23] ECF No. 23.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation[24] is hereby **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's complaint[25] against Defendants Jordan Hollier, Jeremy Seaux, and Renovation Pro's, LLC, be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 4(m).

New Orleans, Louisiana, this 20th day of October, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[24] ECF No. 22.
[25] ECF No. 1.